[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Here, the defendant is seeking to strike the three counts of the complaint. The plaintiff has agreed that Count Three may be stricken as CUTPA does not apply to the employee-employer dispute here alleged. As to Count Two, the plaintiff does not strongly oppose the motion which points out that the plaintiff has not alleged a violation of some important public policy required to state a claim of wrongful discharge under Morris v. Hartford Courant Co., 200 Conn. 676, 679. Accordingly, Count Two is also stricken.
In Count One, the plaintiff alleges the defendant wrongfully failed to follow the disciplinary steps set forth in the portions of the defendant's Supervisory Reference Guide made part of the Complaint. The defendant argues that other language in the guide, under the heading Resolution of Probation as a note, negates any contract, right or guarantee arising therefrom. However, the guide also states that the disciplinary process is established to correct performance problems and that that remedial process may not be suitable for certain serious employee misbehavior, such as fraud, sexual and racial harassment, wilful misconduct and insubordinate, illegal or immoral conduct. The guide then goes on to describe the elements of a disciplinary process and while discussing probation and the resolution of probation, adds the note to which the defendant alludes.
The referenced parts of the guide lead the court to believe that a factual determination as to the application of the note and the steps of the disciplinary process considering prior and present applications and other indications of intent and meaning is required. It cannot be said viewing the allegations in the light most favorable to the plaintiff, as here required, that CT Page 6001 complaint does not disclose a legal duty of the defendant to the plaintiff which was breached. In such circumstances, the motion to strike Count One must be and is denied.
See Ferryman v. Groton, 212 Conn. 138, 146.
MCDONALD, J.